## Staunton

COMMISSIONER OF THE DIVISION OF MOTOR VEHICLES OF THE COMMONWEALTH OF VIRGINIA v. EASTERN AIR LINES, INC.

September 6, 1968.

Record No. 6758.

Present, All the Justices.

*A. R. Woodroof, Assistant Attorney General; Charles Shepherd Cox, Jr., Assistant Attorney General (Robert Y. Button, Attorney General, on brief), for plaintiff in error.*

*Lewis F. Powell, Jr. (Norman A. Scher; David F. Peters; Hunton, Williams, Gay, Powell & Gibson, on brief), for defendant in error.*

EGGLESTON, C.J., delivered the opinion of the court.

On July 13, 1966 Eastern Air Lines, Inc., filed an application with the Commissioner of the Division of Motor Vehicles for a statutory

refund of taxes in the amount of $46,430.15 which it had paid on special fuels purchased in Virginia between March 1, 1966 and July 13, 1966, for the purpose of operating or propelling its aircraft within and outside the State. The Commissioner allowed a refund of $19,-397.11 for taxes paid on fuel purchased by Eastern after March 26, 1966, but disallowed the refund of $27,033.04 for taxes paid on fuel purchased prior to that date, on the ground that the application for refund had not been filed within three months from the date of sale as required by Code § 58-753.1, enacted by Acts of Assembly 1952, ch. 633, p. 1091.

Pursuant to Code § 58-754 (as amended by Acts of 1962, ch. 325, p. 453) Eastern filed in the court below a petition for appeal from the decision of the Commissioner disallowing such refund. Upon consideration of the petition and the Commissioner's demurrer thereto, which both parties agree present the issues involved, the court held that Eastern was entitled to a refund of the amount in dispute. From an order to that effect the Commissioner has appealed as of right. Code § 58-754 as amended.

On appeal the parties make the same respective contentions as they did in the court below. The Commissioner contends that the right to a refund is controlled by § 58-753.1, enacted by Acts of 1952, ch. 633, p. 1091, which requires that application for refund be filed within three months from the date of sale of the fuel. Eastern contends that the right to a refund is controlled by § 58-753.3, written into the Code by Acts of 1960, ch. 398, p. 616; that since this section places no time limitation upon the filing of an application for refund, if the right of application is restricted as to time, the six-months' limitation provided in § 58-716 (as amended by Acts of 1960, ch. 499, p. 774) applies. The lower court sustained this view.

Moreover, Eastern contends that even if § 58-753.1 controls the right of refund it is entitled to the benefit of an amendment to this section by Acts of 1966, ch. 42, p. 100, which requires the filing of an application for refund within six months from the date of sale, within which time its application was filed. The lower court also sustained this contention. Under our view of the case it is unnecessary that we consider this latter issue.

We hold that Eastern's right to a refund of such special fuel taxes is prescribed by § 58-753.3, subject to the time limitation of six months fixed by § 58-716, as amended, and that the application was timely filed and the refund properly allowed.

This State imposes a tax on fuel purchased for use in combustible, jet and rocket engines for transportation and other purposes. Chapter 13 (Code § 58-686 ff. (Repl. Vol. 1959)), embracing the "Motor Fuel Tax Act," is directed primarily at gasoline used in motor vehicles but also includes aviation fuel used in aircraft. Code § 58-687(3). Chapter 14 (Code § 58-731 ff.), embracing the "Special Fuels Tax Act," imposes a tax on all fuels used to propel motor vehicles, aircraft and rockets, except such fuels as are taxed under Chapter 13. Code § 58-732(4). The application of Chapter 14 is thus limited to fuels other than gasoline. By Acts of 1960, ch. 398, p. 615, the definitions in § 58-732 of the Special Fuels Tax Act were amended to include aircraft and aviation fuel. By the same Acts, Code § 58-744, which imposes the tax, was amended and made applicable to aircraft fuel, and § 58-753.3 was added as a new section to the Special Fuels Tax Act. Acts of 1960, ch. 398, p. 616.

Both Chapters 13 and 14 impose a tax on such fuel at the same basic rate of 7¢ per gallon (Ch. 13, § 58-711 as amended; Ch. 14, § 58-744 as amended), and both chapters provide for a refund of certain taxes when the fuel is used for the operation of aircraft. Ch. 13, § 58-715 as amended; Ch. 14, § 58-753.3.

As indicated, the critical issue here presented is whether Eastern's right to a refund is controlled by § 58-753.3, as the lower court held, or by § 58-753.1, as the Commissioner contends. The pertinent portions of these sections are found in the margin.[1]

---

[1] "§ 58-753.3. Any person who shall buy, in quantities of five gallons or more at any one time, any special fuel for the purpose of operating or propelling any aircraft on which special fuel the tax or taxes imposed by this chapter shall have been paid, shall be allowed a partial refund on each gallon of special fuel purchased within the State and consumed in any aircraft in flights over and within the boundaries of this State, which partial refund per gallon of such fuel so used shall be equal to the tax per gallon less four cents, the intention being that the State shall retain four cents tax per gallon; and a refund of the full tax paid shall be made on all special fuel purchased in this State and consumed in aircraft in flights outside the boundaries of the State, the quantities consumed within and without the State to be determined by the flight logs of each trip and the average consumption of special fuel per hour per month by each aircraft. On and after July one, nineteen hundred sixty-one, with respect to all fuels taxable under this chapter and all motor fuels as are subject to the tax imposed by Chapter 13 (§ 58-686 et seq.) of this title purchased in this State and consumed in aeroplanes or aircraft in flights over and within the boundaries of this State, a refund in the following graduated amounts shall be made to each user of such fuel. The quantity of such fuel used in aircraft subject to graduated refunds shall accumulate to each user throughout each fiscal year beginning on July first of each year. The amount of the refund with respect to fuels taxable under this chapter and all motor fuels as are subject to the tax imposed by Chapter 13

The Commissioner argues that the right to a refund on aircraft fuel is *created* by § 58-753.1, and that § 58-753.3, written into the Code by Acts of 1960, ch. 398, p. 616, "merely limits the amount refundable with respect to the intrastate aviation phase of nonhighway use." We think that this position is refuted by both the language and history of the two sections.

Section 58-753.3 provides in clear and unambiguous language for the refunding of taxes paid on fuel used for *aircraft* purposes. It provides: "Any person who shall buy * * * any special fuel for the purpose of operating or propelling any aircraft * * * *shall be allowed a partial refund* on each gallon of *special fuel purchased within the State and consumed in any aircraft* in flights over and within the boundaries of this State, * * *." It further provides that "a *refund* of the full tax paid *shall be made* on all special fuel purchased in this State and consumed in aircraft in flights outside the boundaries of the State." Again, it provides that "with respect to *all fuels* taxable under this chapter and all motor fuels as are subject to the tax imposed by Chapter 13 (§ 58-686 *et seq.*) * * * purchased in this State and consumed in aeroplanes or aircraft in flights over and within the boundaries of this State, a *refund* in the following graduated amount *shall be made* to each user of such fuel." (Emphasis added.)

Clearly, then, § 58-753.3 creates the right to such refund and requires the payment thereof.

While the wording of § 58-753.1, relating to a refund on all fuel used "for purposes other than to propel vehicles operated or intended to be operated on the highway," is broad enough to include fuel used

(§ 58-686 *et seq.*) of this title used by any person in flights over and within the boundaries of this State, with respect to each fiscal year's accumulated usage of those fuels, shall be: [Here follow provisions for a graduated scale of refunds applicable to aircraft operation]." Acts of 1960, ch. 398, pp. 616, 617.

Note: The codifiers of the 1966 Supplement to the Code of 1950 [Repl. Vol. 1959] gave this section the headline "Refund on fuel used in operating aircraft." Since such headline does not appear in the Act itself, it is not deemed to be the title of such section nor is it any part thereof. Code § 1-13.9.

"§ 58-753.1. *Refund for non-highway use*.[2]—Any person who shall purchase fuel and pay the tax thereon and use the same for purposes other than to propel vehicles operated or intended to be operated on the highway, shall, upon making application therefor as herein provided, be reimbursed the amount of such tax paid. Application for refund shall be filed with the Commissioner within *three months*[3] from the date of sale, shall show the purpose for which the fuel was used, and shall be accompanied by the invoice covering sale of the fuel to such person. Such refunds shall be paid in the manner provided in § 58-753." (Emphasis added.)

[2]The title "*Refund for non-highway use*" appears in the Act. Cf. Code § 1-13.9.

[3]By Acts of 1966, ch. 42, p. 100, three months was changed to six months.

for the purpose of operating aircraft, there is no specific language indicating such intended application. There is no reference to "aircraft" fuels or fuels consumed in "aircraft" flights as is found in § 58-753.3.

Moreover, as the trial court noted, § 58-753.1 provides that all refunds contemplated thereunder are to be paid "in the manner provided in § 58-753," that is, out of the State's general fund by warrants of the Comptroller drawn on the State Treasurer. Section 58-733 (as amended by Acts of 1964, Ex. Sess., ch. 6, p. 8) provides that special fuel taxes imposed by Chapter 14 are to be paid into the treasury "as a special fund," out of which refunds are to be made. Thus, the provision for the payment of refunds under § 58-753.1 is inconsistent with the provisions for the refund of taxes on special fuels. The Commissioner argues that as a practical matter the refunds under both sections are made out of the general fund of the Commonwealth. However that may be, the language of the two sections shows a legislative intent that refunds under each are in different categories.

Again, the history of § 58-753.1 shows that it was not intended to relate to a refund of special fuel taxes. As has been noted, this section in its present language was enacted in 1952 (Acts of 1952, ch. 633, p. 1091), eight years prior to the imposition of taxes on jet aviation fuel. Such latter tax was imposed by appropriate amendments in the Acts of 1960, ch. 398, p. 614, to the Special Fuels Tax Act. It is significant that when the General Assembly determined in 1960 to include aviation fuel under Chapter 14, it amended each of the relevant sections to apply to aircraft. It amended § 58-744 imposing a tax on such fuel and § 58-733 requiring the payment of such taxes into a special fund, and added § 58-753.3 providing for the refund of such special fuel taxes upon a graduated scale applicable only to aircraft operation. At the same time the language of § 58-753.1 was unchanged and remained equally inapplicable to aviation fuel.

It will be observed that § 58-753.3 provides no procedure for obtaining a refund and fixes no limitation within which application therefor must be made. We think such procedure and limitation are supplied in §§ 58-715 and 58-716, as amended.

Section 58-715 (as amended by Acts 1964, ch. 122, p. 169) provides for the refund in graduated amounts[4] of the tax on "all motor

_____

[4] The provisions for graduated refunds added to § 58-715 by the Acts of 1960, ch.

fuel and other fuels as are subject to the tax imposed by Chapter 14 (§ 58-731 *et seq.*) * * * purchased in this State and consumed in aeroplanes or aircraft in flights over and within the boundaries of this State." Section 58-716 (as amended by Acts of 1960, ch. 499, p. 774) provides the procedure for obtaining such refund and specifies that application therefor must be filed with the Commissioner within six months[5] of the date of the sale or invoice.

It is true that there are no cross references between §§ 58-715, 58-716 and 58-753.3 to show that they are interrelated. But they relate to the same subject of aviation fuels and were obviously harmonized and correlated by the 1960 session of the General Assembly.

Since Eastern's application for a refund, filed on July 13, 1966, was within the period of six months provided by the terms of § 58-716 as then written, it was timely and the refund was properly allowed.

The judgment is

*Affirmed.*

---

398, p. 614, are the same as those detailed in § 58-753.3 and provided for by the same Act.

[5] By Acts of 1966, ch. 564, 749, this limitation was fixed at twelve months.